UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
MAN FONG WONG,

                    Plaintiff,

      -against-

1ST DISCOUNT BROKERAGE, INC.,

                    Defendant.

---------------------------------------------------------------- x

**ORDER**

10-CV-1487 (ENV) (CLP)

**VITALIANO, D.J.**

On April 2, 2010, plaintiff Man Fong Wong brought this action against defendant 1st Discount Brokerage, Inc. in relation to an investment contract the parties entered into in 2007. Plaintiff asserts causes of action for violations of the federal securities laws, fraud in the inducement of the contract, breach of contract, breach of fiduciary duty, conversion, and failure to supervise.

On May 28, 2010, defendant filed a motion to compel arbitration, claiming that the investment contract requires that all controversies be submitted to arbitration before the New York Stock Exchange or the National Association of Securities Dealers. On August 11, 2010, the Court referred the motion to Magistrate Judge Pollak for a Report and Recommendation. Following a review of the relevant submissions, Magistrate Judge Pollak issued a Report and Recommendation ("R&R") on January 6, 2011, recommending that defendant's motion be granted. No objections to Judge Pollack's R&R have been timely filed.

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1)(C). Moreover, in order to accept a magistrate judge's report and recommendation where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

After careful review of all the evidence in the record below, the Court finds Magistrate Judge Pollack's R&R to be comprehensive, well-reasoned, and free of any clear error. Under the terms of the investment agreement, plaintiff agreed that "all controversies that may arise . . . shall be determined by arbitration." While plaintiff argues that the contract is unconscionable and should not be enforced, her challenge is to the unconscionableness of the contract as a whole, and so must be determined by an arbitrator in the first instance. See Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445-46 (2006) (holding that "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance").

The Court, therefore, adopts the R&R in its entirety as the opinion of the Court. For the reasons stated in the R&R, the defendant's motion to compel arbitration is granted.

The Clerk is directed to enter Judgment and to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
March 30, 2011

                                                s/ENV

                                      _____
                                      ERIC N. VITALIANO
                                      U.S.D.J.